```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


TORMU E. PRALL,                  :
                                 :  Civil Action No. 12-299 (AET)
          Petitioner,            :
                                 :
          v.                     :    **OPINION**
                                 :
UNITED STATES CAPITOL            :
POLICE,                          :
                                 :
          Respondent.            :
```

**APPEARANCES:**

    TORMU E. PRALL, Petitioner *Pro Se*
    #700294B/650734
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

    COLETTE R. BUCHANAN, AUSA
    OFFICE OF THE U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondent

**THOMPSON**, District Judge

    Petitioner Tormu E. Prall ("Petitioner"), a state inmate presently confined in the New Jersey State Prison in Trenton, New Jersey, serving a prison sentence imposed by a New Jersey state court, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging an alleged detainer lodged against him by the Respondent, United States Capitol Police.  The sole named respondent is the United States

Capitol Police.[1]  Based on review of the parties' submissions, the Court finds that the petition must be dismissed for lack of jurisdiction at this time.

## I. BACKGROUND

On or about December 21, 2011, Petitioner filed this habeas action under 28 U.S.C. § 2241.  (Dkt. #1.)  In his petition, Petitioner alleges that, on November 3, 2008, the United States Capitol Police, Threat Assessment Section, Investigations Division, placed a formal request CP-331 Form against Petitioner, purportedly asking prison officials to hold Petitioner and notify the United States Capitol Police of any change in Petitioner's status or imminent release.  (*Id.*, Petition at ¶ 8(A)(a).)  Petitioner denies having made any threats against any United States official, agency or department to warrant the placement of a CP-331 Form against him, and thus contends the detainer is groundless.  (*Id.*, Pet. at ¶8(B),(C).)  Petitioner asks that the detainer be stricken or that the United

---

[1] The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).  Accordingly, the United States Capitol Police is not a properly named respondent in this action. In addition to the lack of jurisdiction ground discussed herein, this serves as a separate basis for dismissal of the Petition.

States Capitol Police immediately bring Petitioner to trial on the charges contained in the alleged detainer. (*Id.*, ¶8(D).)

On November 9, 2012, Petitioner filed a motion for removal or expungement of the CP-331 Form from his prison file. (Dkt. #11.) On November 29, Respondent filed an answer to the petition. (Dkt. #14.)

In answer to the petition, on November 14, 2012, Respondent submitted the Declaration of Frank Leitera, Jr., Sergeant in the United States Capitol Police ("USCP") Protective Services Bureau, Investigations Division. (Dkt. #14-1.) Sgt. Leitera attests that Petitioner was brought to the attention of the USCP on November 3, 2008, when a letter was sent to the United States Supreme Court containing threats to the Court, the White House, and the United States Capitol. In particular, the letter threatened the use of chemical and biological agents against members of the United States Congress. (*Id.*, Leitera Decl., ¶ 2.) Leitera further relates that investigation disclosed that Petitioner authored the threatening letter, which was sent by Petitioner while he was incarcerated at the Mercer County Correctional Facility in Trenton, New Jersey, on charges of murder and arson. (*Id.*, ¶ 3.)

Consequently, on November 3, 2008, the USCP sent a request for notification of any change in Petitioner's inmate status to the Mercer County Correctional Facility. The request was on a Form CP-331. Sgt. Leitera affirms that this was the only action taken by the USCP in relation to Petitioner. (*Id.*, ¶ 4.) Sgt. Leitera also declares that the USCP did not ask that Petitioner be held by the Mercer County Correctional Facility or by the New Jersey State Prison, where Petitioner is currently incarcerated. Moreover, Sgt. Leitera confirms that the USCP did not lodge a detainer against Petitioner as alleged in the by petition. (*Id.*, ¶ 5.)

Respondent attaches a standard Form CP-331 as Exhibit 2 to the answer. (Dkt. #14-2.) The form expressly and boldly states in large print at the top of the document that "THIS IS NOT A DETAINER." Rather, the form simply requests that the USCP be notified of any changes in the inmate's status, including the inmate's release. (Dkt. #14-2.) Respondent notes that the specific CP-331 Form relating to Petitioner was not retained by the USCP.

Petitioner filed a reply/traverse on December 14, 2012. (Dkt. #18.) Thereafter, also on December 14, 2012, Petitioner filed a motion to compel findings, (Dkt. #19), and on June 6,

2013, a motion compelling Respondent to produce certain materials for in camera review, (Dkt. #21).

## II. ANALYSIS

Section 2241 of Title 28 provides in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 8.1 (4th ed. 2001). Lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time. *See Kendall v. Daily News Pub. Co.*, --- F.3d ----, 2013 WL 856433, at *3 (3d Cir. 2013).[2]

---

[2] Moreover, "pursuant to Rule 4 of the Rules Governing § 2254 Cases, made applicable to § 2241 petitions under Rule 1(b), dismissal without providing a petitioner an opportunity to respond is appropriate when it is clear from the face of the petition that jurisdiction is lacking." *Henry v. U.S. Atty. Gen.*, No. 12-2746, 2013 WL 1834565, at *2 (3d Cir. May 2, 2013)(citing *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984)).

Thus, in order to invoke habeas jurisdiction, Petitioner must demonstrate that he was "in custody" pursuant to 28 U.S.C. § 2241(c)(3). Custody is measured as of the time that the petition was filed. *See Henry v. Chertoff*, 317 Fed. Appx. 178, 179 (3d Cir. 2009). When Plaintiff filed this petition, he was serving his state criminal sentence, and he has failed to demonstrate that he was being held pursuant to the alleged detainer he challenges in this petition. Significantly, the CP-331 Form referenced by Petitioner expressly states that it is not a detainer. Further, Petitioner has not shown that there are any actual charges by the USCP pending against Petitioner. The USCP merely asked the New Jersey Department of Corrections to inform the USCP of Petitioner's inmate status, including his release from state correctional custody.[3]

---

[3] Even assuming that the USCP had lodged a detainer against Petitioner, his petition would nonetheless be subject to dismissal for failure to satisfy the "in custody" element. Like most circuit courts that have addressed this sort of issue, the Third Circuit has held that a federal prisoner who challenges the lodging of an immigration detainer is not "in custody" for § 2241 purposes. *See Cohen v. Lappin*, 402 Fed. Appx. 674, 676 (3d Cir. 2010)(citing *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540–41 (5th Cir. 2003) (collecting cases)). An immigration detainer is "an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Zolicoffer*, 315 F.3d at 540 (citation omitted). The rationale

Further, for purposes of review of this petition, it would appear that Petitioner may be treating the CP-331 Form as a detainer under the Interstate Agreement on Detainers ("IAD"). The IAD is an interstate compact entered into by 48 States, the federal government, and the District of Columbia. 18 U.S.C. App. 2, § 2. It creates uniform procedures for resolving one State's pending charges against an individual imprisoned by another State. *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001); *United States v. Mauro*, 436 U.S. 340, 343–44, 349–53 (1978).

Article III of the IAD extends to prisoners against whom a detainer is lodged the right to demand final disposition on the pending charges within 180 days of release to the charging jurisdiction unless good cause exists for a continuance. 18 U.S.C.App. 2, § 2, Art. III(a). Article IV gives "the jurisdiction in which an untried indictment, information, or complaint is pending" the right "to have a prisoner against whom" it "has lodged a detainer ... made available" for trial.

---

underlying the circuit court ruling that such a detainer does not create "in custody" status is based on the notion that custody typically signifies incarceration, not just a request from an agency for information. *See id.* Extending that rationale to the USCP CP-331 Form at issue here, the Court concludes that Petitioner would not be "in custody" of the Respondent, even if Petitioner had demonstrated that the form constituted a detainer.

Id. Art. IV(a) (emphasis added). If it secures custody of the prisoner, the State that lodged the detainer (the "receiving state") must bring the prisoner to trial within 120 days. *Id*. Art. IV(c). *See also Robertson v. Stickman*, No. 12-1109, 2013 WL 1500675, at *1 (W.D.Pa. Mar. 20, 2013).

Here, consistent with these IAD provisions, Petitioner asks that the purported detainer issued by the USCP be stricken or that Petitioner be brought to trial immediately on the charges contained in the alleged detainer form. In the recent case of *United States v. Hornick*, 491 Fed. Appx. 277 (3d Cir. 2012), *cert. denied*, No. 12-8046, --- U.S. ----, 133 S.Ct. 1290, --- L.Ed.2d ----, 2013 WL 598823 (Feb. 16, 2013), the defendant there argued, as Petitioner does here, that he was entitled to dismissal of all charges against him because the government (in that case, the federal government, like the Respondent USCP here) had violated his rights under the IAD. The Third Circuit Court of Appeals held that "[b]ecause the Government did not file a detainer, the IAD was never triggered and its protections never covered [the defendant]." *Id*. at 282.
Similarly, in this case, Petitioner has produced no evidence that a detainer was lodged against him by the USCP, and thus, he has not demonstrated that he was covered under the IAD. Because

8

Plaintiff has failed to prove existence of a detainer, Petitioner cannot satisfy the jurisdictional requirement and the petition must be dismissed for lack of jurisdiction under 28 U.S.C. § 2241.

## III. CONCLUSION

For the foregoing reasons, the Court dismisses without prejudice Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241, for lack of jurisdiction. Petitioner's motions for expungement of the detainer (Dkt. # 11), to compel documents and make findings (Dkt. # 19), and to compel production of documents (Dkt. # 21) are dismissed as moot. An appropriate Order follows.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: June 27, 2013